1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HENRY A. JONES,

11          Plaintiff,                    No. 2:12-cv-2695 MCE KJN P

12      vs.

13   T. VIRGA, Warden, et al.,

14          Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

17   pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to

18   28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19   and Local Rule 302.

20          Plaintiff has submitted a declaration that makes the showing required by

21   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

25   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

26   trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

1

1   make monthly payments of twenty percent of the preceding month's income credited to

2   plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to

3   the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

4   fee is paid in full.  28 U.S.C. § 1915(b)(2).

5          The court is required to screen complaints brought by prisoners seeking relief

6   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9   granted, or that seek monetary relief from a defendant who is immune from such relief.

10  28 U.S.C. § 1915A(b)(1),(2).

11         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

18  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

19  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

20  1227.

21         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

22  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

25  (1957).  In order to survive dismissal for failure to state a claim, a complaint must contain more

26  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

2

1  allegations sufficient "to raise a right to relief above the speculative level." Id.  However,

2  "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

3  notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551

4  U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

5  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

6  as true the allegations of the complaint in question,  id., and construe the pleading in the light

7  most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

8  grounds, Davis v. Scherer, 468 U.S. 183 (1984).

9          Plaintiff filed a document entitled "Civil and Criminal Complaint."  (Dkt. No. 1.)

10  However, in this complaint, plaintiff states that he previously filed the same complaint in the

11  superior court on June 18, 2012, and also filed the same complaint in the District of Columbia, in

12  Washington, D.C.  (Dkt. No 1 at 1.)  Plaintiff is advised that he cannot maintain the same action

13  in three separate courts.  Plaintiff must choose one venue in which to pursue his claims.  The

14  federal venue statute provides that a civil action "may be brought in (1) a judicial district in

15  which any defendant resides, if all defendants are residents of the State in which the district is

16  located, (2) a judicial district in which a substantial part of the events or omissions giving rise to

17  the claim occurred, or a substantial part of property that is the subject of the action is situated, or

18  (3) if there is no district in which an action may otherwise be brought as provided in this action,

19  any judicial district in which any defendant is subject to the court's personal jurisdiction with

20  respect to such action."  28 U.S.C. § 1391(b).  To the extent plaintiff seeks to file a civil rights

21  complaint concerning an incident occurring at California State Prison, Sacramento, such claims

22  are properly venued in this court.

23          Moreover, plaintiff's request for the issuance of an arrest warrant or imposition of

24  criminal charges against defendants is not appropriate.  When a criminal statute is violated, the

25  question of whether to prosecute and what criminal charges to bring are decisions that generally

26  rest in the discretion of the prosecutor, not the court.  United States v. Batchelder, 442 U.S. 114,

124 (1979); see Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375 (2d Cir. 1973) (prosecution of state officials for alleged violation of inmates' federal civil rights is for discretion of U.S. Attorney).  Criminal statutes generally do not provide a private cause of action or a basis for civil liability.  See, e.g., Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241 and 242 provide no private right of action and cannot form basis for civil suit); Pawelek v. Paramount Studios Corp., 571 F.Supp. 1082, 1083 (N.D. Ill.1983) (no private cause of action inherent in federal criminal statutes defining civil rights violations).  Plaintiff fails to state any cognizable state law claims based on defendants' alleged violation of California criminal statutes.  Thus, plaintiff should not renew such criminal claims in any amended complaint.

However, it appears plaintiff may be able to state a cognizable civil rights claim based on his allegations that defendants Jones or Whitted used excessive force against plaintiff on March 14, 2011, in violation of the Eighth Amendment.  (Dkt. No. 1 at 18-19; 50.)  However, because plaintiff's civil rights claims are interspersed with his claims of alleged criminal activity, it is not clear that plaintiff has addressed all of the elements required.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  Id. (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  Hudson, 503 U.S. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical

1  force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id.

2  at 9-10 (internal quotations marks and citations omitted).

3        "[W]henever prison officials stand accused of using excessive physical force in

4  violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether

5  force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

6  sadistically to cause harm." Id. at 7.  "In determining whether the use of force was wanton and

7  unnecessary, it may also be proper to evaluate the need for application of force, the relationship

8  between that need and the amount of force used, the threat reasonably perceived by the

9  responsible officials, and any efforts made to temper the severity of a forceful response." Id.

10  (internal quotation marks and citations omitted).  "The absence of serious injury is . . . relevant to

11  the Eighth Amendment inquiry, but does not end it." Id.  To the extent plaintiff can allege facts

12  meeting these standards under the Eighth Amendment, plaintiff should renew his claims in the

13  amended complaint.

14        Plaintiff also names Warden Virga as a defendant, but includes no charging

15  allegations as to defendant Virga.

16        The Civil Rights Act under which this action was filed provides as follows:

17        Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the

18        deprivation of any rights, privileges, or immunities secured by the
        Constitution . . . shall be liable to the party injured in an action at

19        law, suit in equity, or other proper proceeding for redress.

20  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

21  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

22  Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend

23  § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976)

24  (no affirmative link between the incidents of police misconduct and the adoption of any plan or

25  policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects'

26  another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

5

1   affirmative act, participates in another's affirmative acts or omits to perform an act which he is

2   legally required to do that causes the deprivation of which complaint is made." Johnson v.

3   Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

4          Moreover, supervisory personnel are generally not liable under § 1983 for the

5   actions of their employees under a theory of respondeat superior and, therefore, when a named

6   defendant holds a supervisorial position, the causal link between him and the claimed

7   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

8   (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v.

9   Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where

10  there is no evidence of personal participation).  Vague and conclusory allegations concerning the

11  involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board

12  of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of

13  personal participation is insufficient).

14         Thus, it is unclear whether plaintiff can amend his complaint to state a cognizable

15  civil rights claim against defendant Virga.  Plaintiff is cautioned that he must include factual

16  allegations as to each named defendant.

17         Finally, the remainder of plaintiff's allegations are so vague, conclusory, and

18  intertwined with plaintiff's claims of alleged criminal activity, that the court cannot discern, with

19  accuracy, what allegations plaintiff contends violated his constitutional rights, or what specific

20  defendant he maintains violated his constitutional rights.

21         Accordingly, the court is unable to determine whether the current action is

22  frivolous or fails to state a claim for relief.  The court has determined that the complaint does not

23  contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal

24  Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of

25  the claim plainly and succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir.

26  1984).  Plaintiff must allege with at least some degree of particularity overt acts which

6

1   defendants engaged in that support plaintiffs claim.  Id.  Because plaintiff has failed to comply

2   with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court

3   will, however, grant leave to file an amended complaint.

4          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

5   conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

6   Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

7   how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983

8   unless there is some affirmative link or connection between a defendant's actions and the

9   claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

10  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

11  participation in civil rights violations are not sufficient.  Ivey, 673 F.2d at 268.

12         In addition, plaintiff is hereby informed that the court cannot refer to a prior

13  pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

14  an amended complaint be complete in itself without reference to any prior pleading.  This

15  requirement exists because, as a general rule, an amended complaint supersedes the original

16  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

17  complaint, the original pleading no longer serves any function in the case.  Therefore, in an

18  amended complaint, as in an original complaint, each claim and the involvement of each

19  defendant must be sufficiently alleged.

20         However, plaintiff need not re-append his exhibits.  The exhibits provided by

21  plaintiff are retained by the court, and may be referred to by plaintiff in subsequent filings.

22         Finally, plaintiff is advised that he must file his amended complaint on the form

23  provided by the court.

24         In accordance with the above, IT IS HEREBY ORDERED that:

25         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

26  ////

1        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

2  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

3  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

4  Director of the California Department of Corrections and Rehabilitation filed concurrently

5  herewith.

6        3.  Plaintiff's complaint is dismissed.

7        4.  Within thirty days from the date of this order, plaintiff shall complete the

8  attached Notice of Amendment and submit the following documents to the court:

9        a.  The completed Notice of Amendment; and

10        b.  An original and one copy of the Amended Complaint.

11  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

12  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

13  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

14  Failure to file an amended complaint in accordance with this order may result in the dismissal of

15  this action.

16        5.  The Clerk of the Court is directed to send plaintiff the form for filing a civil

17  rights complaint pursuant to 42 U.S.C. § 1983.

18  DATED:  April 19, 2013

19

20

21  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

22  jone2695.14

23

24

25

26

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10   HENRY A. JONES,
11           Plaintiff,                    No. 2:12-cv-2695 MCE KJN P
12       vs.
13   T. VIRGA, Warden, et al.,            NOTICE OF AMENDMENT
14           Defendants.
15   _____/
16           Plaintiff hereby submits the following document in compliance with the court's
17   order filed _____:
18           _____        Amended Complaint
19   DATED:
20
21                                        _____
22                                        Plaintiff
23
24
25
26