UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES, | No. 2:12-cv-2695 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| G. WHITTED, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, currently incarcerated at California State Prison, Los Angeles County (CSP-LAC). Plaintiff proceeds pro se in this civil rights action, brought pursuant 42 U.S.C. § 1983, which challenges conditions of plaintiff's confinement when he was incarcerated at California State Prison-Sacramento (CSP-SAC) in 2011. On November 25, 2013, this court found that plaintiff's Third Amended Complaint, together with exhibits attached to plaintiff's previously-filed complaints, appears to state potentially cognizable claims against defendants G. Whitted, J. Jones and D. Reed. (See ECF No. 15.) By separate order the court is ordering service of process upon those defendants.

Plaintiff now requests the appointment of counsel, on the ground that he "is a mental Health inmate [with] a Disability (mentally) and Does not comprehend a civil law or procedures." (Sic.) (ECF No. 17 at 1.) Plaintiff has submitted two exhibits in support of his request. The first exhibit is an October 9, 2012 declaration by CSP-SAC Senior Librarian A. Nappi, which states in

1

1    pertinent part that plaintiff "may be unable to effectively communicate with the court or fully
2    prosecute this action due to the claimed disability Low Reading Level/Lack of concentration/Low
3    cognitive fuction (sic) (Disability)[.]  Assistance of Counsel (Requested Accommodation)."
4    (ECF No. 17 at 3.)  The second exhibit is comprised of excerpts from a March 28, 2007 letter (27-
5    page evaluation) written by neuropsychologist Deborah Ely Budding, Ph.D., to Deputy Federal
6    Public Defender Anne Hwang.  Dr. Budding's evaluation notes that plaintiff has cognitive and
7    mental health challenges, and opines that "it is unlikely that Mr. Jones would be able to reliably
8    fill out his habeas petition paperwork in a complete and timely fashion without assistance."  (ECF
9    No. 17 at 16.)

10           District courts lack authority to require any attorney to represent indigent prisoners in
11   Section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  However, in
12   "exceptional circumstances," the court may request that an attorney voluntarily represent a civil
13   rights plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.
14   1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining
15   whether "exceptional circumstances" exist, the court must consider the plaintiff's likelihood of
16   success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of
17   the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).
18   The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances
19   common to most prisoners, such as lack of legal education and limited law library access, do not
20   establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

21           Having considered the factors under Palmer, the court finds that plaintiff has failed to
22   meet his burden of demonstrating, at the present time, exceptional circumstances warranting the
23   appointment of counsel.  While it appears that plaintiff may have significant cognitive and
24   psychological limitations, these matters are common to many prisoners.  Moreover, Dr.
25   Budding's evaluation is nearly seven years old, and the opinion of the CSP-SAC librarian lacks
26   objective substantiation (e.g., attachment of a recent reading score).  Should plaintiff seek to
27   again request appointment of counsel, he must submit current medical and other records
28   demonstrating his alleged psychological and cognitive limitations.  Plaintiff's instant request will

therefore be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for appointment of counsel (ECF No. 17), is denied without prejudice.

SO ORDERED.

Dated:  January 7, 2014

jone2695.31.kjn

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3