UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES, | No. 2:12-cv-2695 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| G. WHITTED, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, incarcerated at California State Prison, Los Angeles County (CSP-LAC), who proceeds in forma pauperis in this civil rights action brought pursuant 42 U.S.C. § 1983. This action challenges conditions of plaintiff's confinement at California State Prison-Sacramento (CSP-SAC), when he was incarcerated there in 2011. On November 25, 2013, this court found that plaintiff's Third Amended Complaint, together with exhibits attached to plaintiff's previously-filed complaints, appears to state potentially cognizable claims against defendants G. Whitted, J. Jones and D. Reed, as follows: alleged excessive force against Jones and Whitted; alleged retaliation against defendants Jones and Reed; alleged deliberate indifference to plaintiff's health and safety, and alleged conspiracy to violate plaintiff's constitutional rights, against all three defendants. (See ECF No. 15 at 4-5.)

Presently pending is plaintiff's second request for appointment of counsel. Before ruling on the request, the court sought the parties' respective views whether convening a settlement

1

conference may be helpful in resolving this action. Plaintiff responded in the affirmative, but defendants declined the invitation, and filed an answer to the complaint. Further consideration of plaintiff's request, together with review of defendants' answer, persuades the court that appointment of counsel is warranted, initially for the limited purposes described below.

The court denied plaintiff's first request for appointment of counsel for the following reasons, after noting the grounds for plaintiff's request (ECF No. 19 at 1-2):

> Plaintiff now requests the appointment of counsel, on the ground that he "is a mental Health inmate [with] a Disability (mentally) and Does not comprehend a civil law or procedures." (Sic) (ECF No. 17 at 1.) Plaintiff has submitted two exhibits in support of his request. The first exhibit is an October 9, 2012 declaration by CSP-SAC Senior Librarian A. Nappi, which states in pertinent part that plaintiff "may be unable to effectively communicate with the court or fully prosecute this action due to the claimed disability Low Reading Level/Lack of concentration/Low cognitive fuction (sic) (Disability). Assistance of Counsel (Requested Accommodation)." (ECF No. 17 at 3.) The second exhibit is comprised of excerpts from a March 28, 2007 letter (27-page evaluation) written by neuropsychologist Deborah Ely Budding, Ph.D., to Deputy Federal Public Defender Anne Hwang. Dr. Budding's evaluation notes that plaintiff has cognitive and mental health challenges, and opines that "it is unlikely that Mr. Jones would be able to reliably fill out his habeas petition paperwork in a complete and timely fashion without assistance."[1]  (ECF No. 17 at 16.)
>
> . . . Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating, at the present time, exceptional circumstances warranting the appointment of counsel. While it appears that plaintiff may have significant cognitive and psychological limitations, these matters are common to many prisoners. Moreover, Dr. Budding's evaluation is nearly seven years old, and the opinion of the CSP-SAC librarian lacks objective substantiation (e.g., attachment of a recent reading score). Should plaintiff seek to again request appointment of counsel, he must submit current medical and other records demonstrating his alleged psychological and cognitive limitations.

---

[1] Dr. Budding's evaluation also noted that plaintiff had a Full Scale IQ of 62 (he scored 78 in 1990), with deficits in attention and executive function; that plaintiff had been diagnosed "with a variety of psychiatric disorders," including personality disorder, bipolar disorder, schizoaffective disorder, antisocial personality disorder, and polysubstance dependence; that plaintiff had made multiple suicide attempts; that plaintiff takes psychotropic medications, with compliance issues, including a period requiring that he be involuntarily medicated from August 2006 to February 2007; and that plaintiff recently had a myocardial infarction and received an implanted defibrillator.  (ECF No. 17 at 5-16.)

1    Plaintiff's current request for appointment of counsel seeks to address the court's stated
2    concerns. In addition to providing copies of his correspondence with the Prison Law Office
3    demonstrating plaintiff's efforts to obtain counsel on his own, plaintiff has submitted recent
4    mental health records that include Interdisciplinary Treatment Team 90-Day Reports, dated
5    August 29, 2013, November 14, 2013, and January 28, 2014. These reports indicate that plaintiff
6    is assigned to the Enhanced Outpatient Program (EOP); that he is diagnosed with Major
7    Depressive Disorder, Recurrent w/ Psychotic Features; Polysubstance Dependence, Institutional
8    Remission; and Personality Disorder. The reports also indicate that plaintiff experiences auditory
9    hallucinations, engages in self-injurious behaviors, and poses an ongoing risk for assaultive
10   and/or suicidal behaviors.

11    As the court previously noted, district courts lack authority to require an attorney to
12   represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S.
13   296, 298 (1989). Only in "exceptional circumstances" will the court request that an attorney
14   voluntarily represent a civil rights plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935
15   F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).
16   When determining whether "exceptional circumstances" exist, the court must consider the
17   plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his
18   claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d
19   965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the
20   plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and
21   limited law library access, do not establish exceptional circumstances that warrant a request for
22   voluntary assistance of counsel. Id.

23    The court finds that plaintiff has met his initial burden of establishing exceptional
24   circumstances warranting the limited appointment of counsel. The determination that plaintiff
25   has stated potentially cognizable claims required an inordinate amount of the court's time,
26   including detailed review of plaintiff's multiple pleadings and various exhibits. The court's
27   extraordinary directive that plaintiff's Third Amended Complaint be construed in tandem with
28   specified exhibits underscores both the potential merit of plaintiff's claims and the lack of

coherence in his filings.  Appointed counsel will be able to interview plaintiff at CSP-LAC, and review his papers; obtain relevant evidence from CSP-SAC officials; advise the court whether plaintiff should be granted leave to file a Fourth Amended Complaint; and, if so, prepare, file and serve a Fourth Amended Complaint.  Thereafter, the court will consider, with input from appointed counsel, whether the appointment should continue for purposes of discovery, settlement negotiations and/or trial.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for appointment of counsel (ECF No. 25), is granted, for the limited purposes set forth above.

2.  Plaintiff's motion for settlement conference (ECF No. 28) is denied without prejudice.

3.  Discovery is stayed in this action until further notice.

4.  The Clerk of Court is directed to contact Sujean Park, Alternative Dispute Resolution Coordinator, for the purpose of locating an attorney admitted to practice in this court who is willing to accept the limited appointment outlined above.

SO ORDERED.

Dated:  April 14, 2014

/jone2695.appt.cnsl.II

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE