1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    HENRY A. JONES,                         No.  2:12-cv-2695 MCE KJN P

12                Plaintiff,

13        v.                                  ORDER

14    G. WHITTED, et al.,

15                Defendants.

16

17         Plaintiff is a state prisoner proceeding through counsel.[1]  By stipulation and order, this

18    action was terminated on June 30, 2014.  (ECF No. 37.)  On October 10, 2014, plaintiff filed a

19    pro se request for court order, seeking to contest an issue allegedly resolved by the settlement in

20    this action.  (ECF No. 38.)  On November 14, 2014, plaintiff's pro se motion was denied, and

21    plaintiff was instructed that if he was seeking to enforce or modify the settlement, he must file

22    such motion before the settlement judge, and it must be filed through counsel.

23         On December 10, 2014, plaintiff filed a pro se document entitled, "Modify the

24    settlement," in which he claims that he feels that the settlement agreement was breached because

25

26    _____

     [1]  By order filed April 30, 2014, counsel was appointed for a limited purpose, and was accorded
     the option of withdrawing his representation of plaintiff or, at his discretion, proceeding as
27   plaintiff's appointed counsel for purposes of discovery, settlement and/or trial.  (ECF No. 31 at
     2.)  Counsel continued his representation through the settlement conference, and has not moved to
28   withdraw.

                                          1

1  during the settlement conference he requested from the court, "could he have this 115 removed

2  from his C-files," and after he returned to prison, he filed a 602 appeal seeking to have the 115

3  removed, but his 602 appeals were denied.  (ECF No. 40 at 1-2.)  Plaintiff claims that he has

4  attempted to contact counsel "with no luck."  (ECF No. 40 at 2.)  Plaintiff asks the court to

5  contact plaintiff's attorney to either modify the settlement and file a writ or prepare for trial.

6  (ECF No. 40 at 2.)

7        Typically such motions are referred to the settlement judge.  However, the undersigned

8  has reviewed the settlement placed on the record by Judge Thurston on June 19, 2014.  When the

9  settlement was placed on the record, plaintiff specifically asked whether the 115 would be "pulled

10  from" plaintiff's files, and the settlement judge explained that it would not, because plaintiff's

11  case concerned plaintiff 602 appeal, and did not directly challenge the 115.  Plaintiff responded

12  by stating, "Okay."  (Id.)  Because the record makes clear that the settlement in this action did not

13  include the removal of the 115 from plaintiff's prison files, plaintiff's motion is denied.

14  Moreover, because counsel was only appointed to represent plaintiff in connection with his 602

15  challenge, no further action by counsel is required.[2]

16        Accordingly, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 40) is denied.

17  Dated:  December 29, 2014

18

19  /jone2695.den2

                                   KENDALL J. NEWMAN
                                   UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26  [2]  In plaintiff's earlier request, plaintiff claims that the settlement court ordered plaintiff's attorney
     to file a writ of habeas corpus.  (ECF No. 38 at 2.)  The record does not reflect such an order, and
27  the limited appointment of counsel in this action did not include a requirement that counsel
     pursue a writ of habeas corpus on behalf of plaintiff in a new action.  However, plaintiff is not
28  precluded from filing a pro se writ of habeas corpus.

                                        2